RON BENDER (SBN 143364)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; lls@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>AtheroNova Inc.,<br><br>    Debtor and Debtor in Possession. | **Case No. 8:15-bk-11053-ES**<br><br>**Chapter 11**<br><br>**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Declaration of Mark Selawski filed concurrently herewith]**<br><br>DATE:   [To be set]<br>TIME:   [To be set]<br>PLACE:  Courtroom "5A"<br>             411 West Fourth Street<br>             Santa Ana, California |

**SUMMARY**

Pursuant to 11 U.S.C. § 105 and Rule 1015 of the Federal Rules of Bankruptcy Procedure, AtheroNova Inc., the debtor and debtor in possession in the above-captioned Chapter 11 case ("AN"), hereby moves, on an emergency basis (the "Motion"), for the entry of an order for joint administration of its bankruptcy case with the bankruptcy case of AN's affiliate, AtheroNova Operations, Inc. ("ANO" together with AN, the "Debtors"), which bears the case number 8:15-bk-11051-ES.

The Debtors are Delaware corporations with their principal offices located in Irvine, California. AN owns 100% of the stock in ANO – meaning that ANO is a wholly-owned subsidiary of AN. AN is a public company, whose common stock is traded on the OTC Bulletin Board, where its symbol is AHRO. AN is not an operating company and owns no other assets apart from its ownership of the stock of ANO.

ANO is a biotechnology company focused on the research and development of compounds to safely regress atherosclerotic plaque and improve lipid profiles in humans. Atherosclerosis -- or plaque buildup in the arteries -- is the leading cause of heart attacks, stroke, peripheral vascular disease and other medical illnesses. Atherosclerosis and its complications cost consumers more than an estimated $38 billion annually in the United States alone.

Specifically, ANO is focused on, among other things, the research and development of ANO's lead compound, AHRO-001, which has already demonstrated remarkable plaque reduction in animals. Additionally, through a unique business relationship with Russia's leading biotech venture capital firm, ANO has been able to begin testing of AHRO-001 on humans, which has resulted in a robust safety and tolerability profile for AHRO-001 in humans several years faster than via the traditional drug development route.

Through their bankruptcy cases, the Debtors intend to market their company and assets for sale for the highest price possible to insure that the Debtors are able to consummate a sale of their assets before they run out of money. While the Debtors believe it is unlikely that anybody would be willing to fund a feasible reorganization of the Debtors, if anybody emerges who is

willing to do so and that result would be better for creditors and shareholders than an asset sale, the Debtors would of course pursue that reorganization option.

Based on the foregoing, AN believes that the Debtors' cases are inextricability intertwined and that the vast majority of the issues and matters that arise in the Debtors' cases will be interrelated, and that any transaction or exit strategy pursued in connection with such bankruptcy cases will necessarily involve both of the Debtors. Accordingly, AN believes that joint administration of its bankruptcy case with the bankruptcy case of ANO is appropriate.

Joint administration will avoid duplicative expenses and will ensure that creditors in each of the cases will receive appropriate notice of pertinent matters. In addition, AN believes that joint administration of the two cases, including the use of a single pleadings docket, the combining of notices to creditors of the different estates, and the joint handling of purely administrative matters will aid in expediting the cases and rendering the process less costly, without prejudicing the substantive rights of any creditor. Among other things, the granting of the Motion will eliminate further need for the Debtors to file identical motions and orders in each of their cases when seeking relief that is common to all of the Debtors, will avoid the further waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders in the each of the cases, and will permit the Debtors' estates to avoid the substantial copy costs and service costs associated with filing and serving motions and other pleadings in the cases that seek relief that is common to all of the Debtors. As a result, AN hereby respectfully submits that cause exists to grant the Motion.

**ADDITIONAL INFORMATION**

The Motion is based upon 11 U.S.C. § 105 and Rule 1015 of the Federal Rules of Bankruptcy Procedure, the attached Memorandum of Points and Authorities and Declaration of Mark Selawski filed currently herewith, the statements, arguments and representations of counsel made at the hearing on the Motion, and any other evidence properly presented to the Court.

In order to provide maximum notice of this Motion, concurrently with the filing of this Motion with the Court, AN has served a copy of this Motion and all supportive papers upon the

1  Office of the United States Trustee, all secured creditors and their counsel (if known), the 20
2  largest unsecured creditors of AN (if any exist) and parties requesting special notice via
3  overnight mail.

4      **WHEREFORE,** AN respectfully requests that the Court hold a hearing on the Motion
5  and enter an order:

6      (1)    affirming the adequacy of the notice given;

7      (2)    authorizing the joint administration of AN's bankruptcy case with the bankruptcy
8  case of ANO (Case No. 8:15-bk-11051-ES);

9      (3)    approving the form of caption suggested by AN in the Motion; and

10     (4)    granting such other and further relief as the Court deems just and proper under the
11 circumstances.

12 Dated: March 2, 2015                    ATHERONOVA OPERATIONS, INC.

                                                By:   */s/ Lindsey L. Smith*
                                                       RON BENDER
                                                       LINDSEY L. SMITH
                                                     LEVENE, NEALE, BENDER,
                                                          YOO & BRILL L.L.P.
                                                     Proposed Attorneys for Debtor and
                                                     Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Background

1. AtheroNova Operations, Inc. ("<u>ANO</u>") and its parent company, AtheroNova Inc. ("<u>AN</u>," and together with ANO, the "<u>Debtors</u>") each filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") on March 2, 2015 (the "<u>Petition Date</u>"). The Debtors continue to manage their financial affairs and operate their bankruptcy estates as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

### B. The Debtors' Business and Assets

2. The Debtors are Delaware corporations with their principal offices located in Irvine, California. AN owns 100% of the stock in ANO – meaning that ANO is a wholly-owned subsidiary of AN. AN is a public company, whose common stock is traded on the OTC Bulletin Board, where its symbol is AHRO. AN is not an operating company and owns no other assets apart from its ownership of the stock of ANO.

3. As of the Petition Date, 10,000,000 shares of preferred stock of AN have been authorized, none of which are outstanding. As of the Petition Date, 100,000,000 shares of common stock of AN have been authorized, of which approximately 8,809,139 shares are outstanding.

4. ANO is a biotechnology company focused on the research and development of compounds to safely regress atherosclerotic plaque and improve lipid profiles in humans. Atherosclerosis -- or plaque buildup in the arteries -- is the leading cause of heart attacks, stroke, peripheral vascular disease and other medical illnesses. Atherosclerosis and its complications cost consumers more than an estimated $38 billion annually in the United States alone.

5. Specifically, ANO is focused on, among other things, the research and development of ANO's lead compound, AHRO-001, which has already demonstrated remarkable plaque reduction in animals. Additionally, through a unique business relationship with Russia's leading biotech venture capital firm, ANO has been able to begin testing of

4

1  AHRO-001 on humans, which has resulted in a robust safety and tolerability profile for AHRO-
2  001 in humans several years faster than via the traditional drug development route.

3       6.     ANO's major corporate efforts are dedicated to the completion and submission of
4  an Investigational New Drug (IND) application to the US Food & Drug Administration in order
5  to develop AHRO-001 under the guidance of the FDA and study it throughout the world. If
6  ANO's premise is confirmed and AHRO-001 continues to progress through clinical
7  development, ANO believes that it could introduce the first clinically proven method to regress
8  soft, vulnerable plaque.

9       7.     ANO's development of AHRO-001 and other compounds (the "IP") is covered by
10 ANO's issued and pending patent applications. Specifically, between 2005 and 2012, ANO has
11 filed with the US and international patent offices a total of 39 patent applications in 11 families
12 relating to the use of bile acids in the regression of atherosclerotic plaque, lipid dissolution and
13 obesity via pharmacological preparations in various forms of administration. Such filings have
14 been received and acknowledged by the respective filing offices.

15      8.     In July 2012, ANO was notified of the U.S. patent office's intent to grant ANO's
16 first patent in the use of bile acid for dissolution of arterial plaque. In November 2012, the U.S.
17 Patent office issued patent number 8,302,838 titled "Dissolution of Arterial Plaque," with an
18 expiration date of October 18, 2028. In November 2013, ANO was notified of the U.S. patent
19 office's intent to grant ANO's second patent in the use of bile acids for dissolution of arterial
20 plaque. In April 2014, the U.S. Patent office issued patent number 8,697,633 titled "Dissolution
21 of Arterial Plaque," with an expiration date of March 13, 2026. In August 2014, ANO was
22 notified of the U.S. patent office's intent to grant ANO's third patent for the use of carbamide
23 peroxide and several emulsifiers for the reduction of subcutaneous fat. In February 2015, the
24 U.S. Patent office issued patent number 8,952,067 titled "Reduction of Subcutaneous Fat," with
25 and expiration date of June 20, 2032. All other patent applications are still under review by the
26 various patent agencies and are still pending.
27 ///
28

5

**C.    The Debtors' Debt Structure**

   *i.    The 2010 2.5% Convertible Notes*

  9.    On May 13, 2010, AN entered into a Securities Purchase Agreement with W-Net Fund I, L.P., Europa International, Inc. and MKM Opportunity Master Fund, Ltd. (collectively, the "2010 2.5% Note Purchasers"), pursuant to which the 2010 2.5% Note Purchasers purchased 2.5% Senior Secured Convertible Notes (the "2010 2.5% Notes") for a cash purchase price of $1,500,000 and common stock purchase warrants pursuant to which the 2010 2.5% Note Purchasers had the option to buy up to 190,880 shares of AN common stock at an exercise price of $2.90. Pursuant to the Security Agreement dated May 13, 2010, among AN, ANO and the 2010 2.5% Note Purchasers (the "2010 2.5% Security Agreement"), the obligations owed to the 2010 2.5% Note Purchasers appear to be secured by a first priority security interest against substantially all of the Debtors' assets, including the IP. Pursuant to the 2010 2.5% Security Agreement, upon an event of default, the 2010 2.5% Note Purchasers are entitled to foreclose on their collateral or exercise other rights generally available to a secured creditor under California and Delaware law. In addition, under a subsidiary guarantee, ANO has guaranteed all of AN's obligations under the 2010 2.5% Notes.

  10.    Under the 2010 2.5% Notes, if there is an uncured event of default, the holders of the 2010 2.5% Notes have the right to declare 120% of the outstanding principal, plus 100% of the accrued and unpaid interest immediately due and payable. Default interest on the 2010 2.5% Notes accrues after an event of default at an annual rate of 12%.

  11.    Since issuance, the holders of the 2010 2.5% Notes have exercised their right to convert their 2010 2.5% Notes into AN common stock and, to date, $1,072,500 of principal and associated accrued interest has been converted. The remaining 2010 2.5% Notes became, after several extensions of the maturity date, due and payable on November 12, 2014. On that maturity date, the outstanding balance owed on the 2010 2.5% Notes was approximately $427,500. The 2010 2.5% Notes are currently past due. The Debtors are therefore currently in default of their payment obligations under the 2010 2.5% Notes.

### *ii. The 2012 2.5% Convertible Notes*

12. In September and October 2012, AN issued $1,498,333 in 2.5% convertible notes (the "2012 2.5% Notes"), which mature four years after their dates of issuance in 2016. The 2012 2.5% Notes are convertible into common stock at a per share price of $2.90 per share and are subject to the 2010 2.5% Security Agreement with no further action required by the purchasers. Since issuance, the holders of the 2012 2.5% Notes have exercised their right to convert their 2012 2.5% Notes into AN common stock and, to date, $744,666 of principal and associated accrued interest has been converted. The current outstanding principal balance of the 2012 2.5% Notes is approximately $753,667.

13. The majority of the 2010 2.5% Notes and the 2012 2.5% Notes are currently held by Europa International, Inc., which is an entity controlled by Knoll Capital Management of which Mr. Knoll, one of the Debtors' six directors, is the managing director.

### *iii. The 2014 6% Convertible Notes*

14. In January and February 2014, AN entered into Securities Purchase Agreements with approximately 31 accredited investors (collectively, the "6% Investors"), pursuant to which the 6% Investors purchased 6% Senior Secured Convertible Notes (the "2014 6% Notes") for a cash purchase price of $1,906,500 and common stock purchase warrants pursuant to which the 6% Investors have the option to buy up to 454,460 shares of common stock at an exercise price of $0.75. The 2014 6% Notes have a three- year term. Pursuant to the Security Agreement dated February 12, 2014, among AN, ANO and the 6% Investors (the "2014 6% Security Agreement"), the obligations owed to the 6% Investors are secured by security interests against substantially all of the Debtors' assets, including the IP, on a pari passu basis with the outstanding 2010 2.5% Notes and the 2012 2.5% Notes. Upon an event of default, the 6% Investors are entitled to foreclose on their collateral or exercise other rights generally available to a secured creditor under California and Delaware law. In addition, under a subsidiary guarantee, ANO has guaranteed all of AN's obligations under the 2014 6% Notes.

7

15. Additionally, pursuant to the 2014 6% Notes, if there is an uncured event of default of any secured obligation of $100,000 or more, which may include default on the 2010 2.5% Notes, 2012 2.5% Notes or 2014 8% Notes (as defined below), the holder of the 2014 6% Notes may declare the greater of (a) 120% of the outstanding principal, plus 100% of the accrued and unpaid interest and (b) the product of (i) the highest closing price for the 5 trading days immediately preceding acceleration of the 2014 6% Notes multiplied by (ii) a fraction the numerator of which is the outstanding principal and the denominator of which is the conversion price as of the date of determination, immediately due and payable. Default interest on the 2014 6% Notes accrues after an event of default at an annual rate of 24%. The current outstanding principal balance of the 2014 6% Notes is approximately $1,866,500. The Debtors are currently in default under the 2014 6% Notes.

    *iv. The 2014 8% Convertible Notes*

16. In August and September 2014, AN entered into Securities Purchase Agreements with approximately 7 accredited investors (collectively, the "8% Investors"), pursuant to which the 8% Investors purchased 8% Senior Secured Convertible Notes (the "2014 8% Notes") for a cash purchase price of $500,000 and common stock purchase warrants pursuant to which the 8% Investors have the option to buy up to 225,228 shares of common stock at an exercise price of $0.75. The 2014 8% Notes have a one-year term. Pursuant to the Security Agreement dated September 12, 2014, among AN, ANO and the 8% Investors (the "2014 8% Security Agreement"), the obligations owed to the 8% Investors are secured by security interests against substantially all of the Debtors' assets, including the IP, on a pari passu basis with the outstanding 2010 2.5% Notes, the 2012 2.5% Notes and the 2014 6% Notes. Upon an event of default, the 8% Investors are entitled to foreclose on their collateral or exercise other rights generally available to a secured creditor under California and Delaware law. In addition, under a subsidiary guarantee, ANO has guaranteed all of AN's obligations under the 2014 8% Notes.

17. Additionally, pursuant to the 2014 8% Notes, if there is an uncured event of default, which may include default on the 2010 2.5% Notes, 2012 2.5% Notes or 2014 6% Notes,

the holders of the 2014 8% Notes may declare the greater of (a) 120% of the outstanding principal, plus 100% of the accrued and unpaid interest and (b) the product of (i) the highest closing price for the 5 trading days immediately preceding acceleration of the 2014 6% Notes multiplied by (ii) a fraction the numerator of which is the outstanding principal and the denominator of which is the conversion price as of the date of determination,  Default interest on the 2014 8% Notes accrues after an event of default at an annual rate of 24%. The current outstanding principal balance of the 2014 8% Notes is $500,000.  The Debtors are currently in default under the 2014 8% Notes.

*v.    General Unsecured Debt and Overall Debt*

18.    In addition to the foregoing secured debt which is in the total approximate amount of $4,636,338 (including 120% of the outstanding principal and accrued interest, or default interest thereon through February 20, 2015), the Debtors have approximately $700,000 of pre-petition, general unsecured debt.

19.    In total, the Debtors estimate that they have a total of approximately $5,336,338 of pre-petition debt.

**D.    The Reason For The Debtors' Bankruptcy Filings**

20.    On February 12, 2015, the Debtors received a notice of acceleration from Europa International, Inc. as the holder of a 2010 2.5% Note issued by AN in the principal sum of $427,500.  The Debtors also received additional notices of acceleration from certain other note holders, including holders of 2012 2.5% Notes, 2014 6% Notes and 2014 8% Notes.

21.    As discussed above, the event of a default under any of the above-discussed notes constitutes an event of default under each of AN's other outstanding secured notes.  Based upon the terms of the notes, including the term in each note that acceleration of the indebtedness of the note entitles the holder of the note to receive at least 120% of the outstanding principal plus accrued and unpaid interest and other costs and expenses arising thereunder, if all of the indebtedness under the notes is accelerated, the Debtors are required to pay the following approximate amounts:

9

      a.  $1,417,400 plus accrued and unpaid interest and other costs and expenses arising thereunder to the holders of the 2010 2.5% Notes and the 2012 2.5% Notes.

      b.  At least $2,239,800 plus accrued and unpaid interest and other costs and expenses arising thereunder to the holders of the 2014 6% Notes.

      c.  At least $600,000 plus accrued and unpaid interest and other costs and expenses arising thereunder to the holders of the 2014 8% Notes.

22.    In summary, if all indebtedness under AN's outstanding secured notes is accelerated, the Debtors will be required to pay to the holders thereof at least $4,257,200 in principal, plus accrued and unpaid interest and other costs and expenses. As of the Petition Date, the Debtors' cash balance was approximately $738,547.00.

23.    The Debtors are facing a liquidity crisis in two ways. One, the Debtors' outstanding debt vastly exceeds their available cash, and certain holders of secured notes have accelerated the indebtedness under their secured notes. The Debtors have no economic means to repay their matured secured notes and the default under those notes have caused a default on all of the Debtors' secured notes. Two, even without the default on their secured notes, the Debtors have a limited amount of cash, no operating revenue, ongoing operating expenses, and no realistic way to obtain additional funds – either from new debt or new equity. As a result of all of the foregoing, the Debtors concluded that it was in the best interest of the Debtors, their creditors and shareholders to file for bankruptcy to prevent the secured note holders from exercising any rights against the Debtors and to provide the Debtors a forum to maximize the value of their assets under the circumstances.

**E.    The Debtors' Bankruptcy Strategy**

24.    With the Debtors' existing debt and equity structures, the Debtors did not believe that raising the funds needed to solve the Debtors' financial problems – either with new debt and/or new equity – was feasible. This problem was exacerbated by the fact that the Debtors are a research and development company which currently do not generate any revenue. With the

Debtors' current cash balance and ongoing operating expenses, the Debtors predict that they will completely run out of cash and be forced to shut down by around June 30, 2015 unless the Debtors are able to obtain new funding or consummate a sale of their assets by that date. As a result, the Debtors have retained the well regarded financial advisory firm of Sherwood Partners, LLC to assist the Debtors to market their company and assets for sale for the highest price possible to insure that the Debtors are able to consummate a sale of their assets before they run out of money. While the Debtors believe it is unlikely that anybody would be willing to fund a feasible reorganization of the Debtors, if anybody emerges who is willing to do so and that result would be better for creditors and shareholders than an asset sale, the Debtors would of course pursue that reorganization option.

25. Based on the foregoing, AN believes that the Debtors' cases are inextricability intertwined and that the vast majority of the issues and matters that arise in the Debtors' cases will be interrelated, and that any transaction or exit strategy pursued in connection with such bankruptcy cases will necessarily involve both of the Debtors. Accordingly, AN believes that joint administration of its bankruptcy case with the bankruptcy case of AN is appropriate.

## II.    DISCUSSION

AN requests that the Court approve the joint administration of its bankruptcy estate with the bankruptcy estate of its affiliate, ANO. Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the Court may order the joint administration of cases involving a debtor and an affiliate[1] where such an order "may tend to avoid unnecessary costs and delay." Fed. R. Bankr. P. 1015(b)(4) and (c). Bankruptcy Rule 1015 is designed to promote the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. *See* 8 Collier on Bankruptcy ¶ 1015.03 (15th Ed. 1990); *In re Brookhollow Assocs.*, 435 F.Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different

---

[1] AN is an "affiliate" of ANO as that term is defined in the Bankruptcy Code. *See* 11 U.S.C. § 101(2)(B).

estates with substantial interests in common"); *In re H&S Transportation Co.*, 55 B.R. 786 (Bankr. M.D. Tenn. 1985).

Unlike substantive consolidation which pools the assets and liabilities of related entities, joint administration is merely procedural; ANO's bankruptcy estate and AN's bankruptcy estate would each remain a separate legal entity and creditors' individual rights against each estate would be preserved. *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (E.D. Ark. 1986); *In re Arnold*, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983).

Joint administration of the bankruptcy cases of the Debtors is warranted and appropriate under Bankruptcy Rule 1015(b). As noted above, AN is the sole shareholder of ANO, and therefore, owns or controls (or holds with power to vote) the outstanding voting securities of ANO. As such, AN submits that AN and ANO are "affiliates" of each other as that term is defined in the Bankruptcy Code. *See* 11 U.S.C. § 101(2)(B). Furthermore, since as discussed above, ANO has guaranteed all of the obligations owed by AN under the 2010 2.5% Notes, 2012 2.5% Notes, 2014 6% Notes and 2014 8% Notes, the Debtors have several common creditors. In addition, the affairs of AN and ANO are sufficiently intertwined to make joint administration of their cases more efficient and economical than separate administration. AN believes that joint administration of the two cases, including the use of a single pleadings docket, the combining of notices to creditors of the different estates, and the joint handling of purely administrative matters will eliminate any potential confusion and waste associated with maintaining separate dockets, and will aid in expediting the cases and rendering the process less costly.

Further, AN believes that there would be no material prejudice to any creditor if its case is jointly administered with ANO's case. Creditors of the estates of ANO and AN will benefit from the general reduction of administrative costs and fees but will continue to receive appropriate notice of pertinent matters. Moreover, to the extent any conflict between the estates arises, the Court may take further steps to modify its order of joint administration to eliminate any such conflict. In light of the foregoing, the Court should exercise its discretion under Bankruptcy Rule 1015(c) and order joint administration of the cases.

1    As the entry of an order granting the Motion will eliminate the further need for ANO and AN to file identical motions and orders in each of their cases when seeking relief that is common to ANO and AN, joint administration will prevent the waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders in each of the cases, and will permit the avoidance of substantial (and duplicative) copy costs and service costs to the estates associated with the filing and serving of motions and other pleadings in each of the cases. Based on the foregoing, AN hereby respectfully submits that joint administration is in the best interests of creditors and that cause exists to grant the Motion.

In the event the Court orders joint administration of the cases of ANO and AN, AN respectfully suggests that ANO's case be used as the lead case and that the following caption be approved:

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | ) Lead Case No.: 8:15-bk-11051-ES |
| | ) |
| AtheroNova Operations, Inc., | ) Chapter 11 Cases |
| | ) |
|     Debtor and Debtor in Possession. | ) |
| _____ | ) |
| | ) Jointly administered with: |
| In re: | ) Case No. 8:15-bk-11053-ES |
| | ) |
| AtheroNova Inc., | ) |
| | ) |
|     Debtor and Debtor in Possession. | ) |
| _____ | ) |
| ☒ Affects Both Debtors | ) Date:   March __, 2015 |
| | ) Time:  __:__ __.m. |
| ☐ Affects AtheroNova Operations, Inc. Only | ) Place:  Courtroom "5A" |
| | )        411 West Fourth Street |
| ☐ Affects AtheroNova Inc. Only | )        Santa Ana, CA 92701 |
| | ) |
|     Debtors and Debtors in Possession. | ) |
| _____ | ) |

13

### III. CONCLUSION

**WHEREFORE**, AN respectfully requests that the Court hold a hearing on the Motion and issue an order:

(1) affirming the adequacy of the notice given;

(2) authorizing the joint administration of AN's bankruptcy case with the bankruptcy case of ANO (Case No. 8:15-bk-11051-ES);

(3) approving the form of caption suggested by AN in the Motion; and

(4) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: March 2, 2015                                   ATHERONOVA INC.


By: */s/ Lindsey L. Smith*
    RON BENDER
    LINDSEY L. SMITH
    LEVENE, NEALE, BENDER,
       YOO & BRILL L.L.P.
    Proposed Attorneys for Debtor and
    Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 2, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ron Bender on behalf of Debtor AtheroNova Inc.
rb@lnbyb.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **March 2, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 2, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Chambers Copy Via Attorney Service
The Hon. Erithe Smith
United States Bankruptcy Court
Ronald Reagan Federal Building
and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 2, 2015 | John Berwick | /s/ John Berwick |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE

AtheroNova Operations, Inc.
2301 Dupont Drive
Suite 525
Irvine, CA 92612

AtheroNova Inc.
2301 Dupont Drive
Suite 525
Irvine, CA 92612

Office of the U.S. Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

ACT Capital Management LLLP
Atnn: Carol G. Frankenfield
555 E. Lancaster Ave, Suite 540
Radnor, PA 19087

ACT Capital Partners LP
2 Radnor Corporate Center
# 111
Radnor, PA 19087

Adam Liebross
402 Howland Canal
Venice, CA 90291

Alexander Kezli 401K
Attn: Alexander Keszeli
3 Windtree Lane
Glen Mills, PA 19342

Amir L Ecker IRA
Attn: Amir Ecker
800 Newtown Road
Villanova, PA 19085

Amir L. Ecker
800 Newtown Road
Villanova, PA 19085

Balmages Law Office
Michael Balmages
1442 Irvine Blvd Suite 218
Tustin, CA 92780

Belro Medical
Bernard Cornet
Waterloo Office Park Dreve
Richelle 161 Building M 1410
Waterloo, Belgium,

Boris Ratiner
18375 Ventura Blvd. #552
Tarzana, CA 91356

Brar Inc.
Balbir Brar
26261 Glen Canyon
Laguna Hills, CA 92653

Broadridge
P.O. Box 416423
Boston, MA 02241-6423

Broadridge Inc.
PO Box 416423
Boston, MA 02241

Cambridge Biomedical
Cole Ruwet
1320 Soldiers Field Road
Boston, MA 02135

Carol Wittenbraker
4625 Greenville Ave., Suite 101
Dallas, TX 75206

Catalyst Life Science Partners
Janice Mitrovich
174 Nassau Street Suite 137
Princeton, NJ 08542

Clarence J. Meyer
2 Radnor Corp Center # 111
Radnor, PA 19087

Clarence Meyer, c/o PBC Advisors
Attn: Robert Fisk
2 Radnor Corporate Center, Ste 410
Radnor, PA 19087

DC Ice, LLC
Attn: Richard Winter
546 Fifth Avenue, 9th Floor
New York, NY 10036

Dymami Investments LLC
Attn: Ronald Dyne
1925 Lovering Ave.
Wilmington, DE 19806

Dymami Investments LLC
15260 Ventura Blvd 20th Fl
Sherman Oaks, CA 91403

Ecker Family Partnership
Attn: Amir Ecker
800 Newtown Road
Villanova, PA 19085

Estate of Judith W. Campbell
Attn: Frank Campbell
106 Longview Circle
Media, PA 19063

Europa International Inc.
c/o Knoll Capital Mgmt LP
1114 Ave of the Americas 45th Fl
New York, NY 10036

Europa International, Inc.
Attn: Fred Knoll
5 East 44th St., Suite 12
New York, NY 10017

Frank Campbell
106 Longview Circle
Media, PA 19063

Frontage Laboratories
Huan Wang
700 Pennsylvania Drive
Exton, PA 19341-1129

Gardner Syndication Management
Thomas Gardner
14 Chantonnay
Laguna Niguel, CA 92677

| | | |
|---|---|---|
| Genia Su Consulting<br>Genia Su<br>6639 Avinida De Las Pescas<br>La Jolla, CA 92037 | James Lynch<br>9990 RR Blvd<br>Reno, NV 89521 | Jay Robert Paul<br>210 West 70th #1201<br>New York, NY 10023 |
| JMW Fund<br>Attn: Justin Yorke<br>4 Richland Place<br>Pasadena, CA 91103 | John Tilney<br>The Old Rectory, Harpsden<br>arpsden Bottom, Henley-on-Thames<br>Oxfordshire RG9 4HT, UK | John Tilney<br>2 Radnor Corp Center #111<br>Radnor, PA 19087 |
| Jonathan Andron Roth IRA<br>c/o Creve & Company<br>3650 Mt Diablo Blvd # 103<br>Lafayette, CA 94549 | Jonathan Andron/Creve & Co.<br>Attn: Jonathan Andron<br>135 N. Meramec, 3rd Floor<br>Clayton, MO 63105 | Kyle Van Natta<br>4133 Redwood Ave #3012<br>Los Angeles, CA 90066 |
| Larry Kuhn<br>2412 Via Mero<br>San Clemente, CA 92673 | Lateral Capital III, LLC<br>Attn: John Lilly<br>80 S. 8th St., 4900 IDS Center<br>Minneapolis, MN 55402 | LifeSci Advisors, LLC<br>Laura Ortiz<br>250 West 55th Street Suite 16B<br>New York, NY 10019 |
| Lincoln Park Capital<br>Attn: Robert Garcia<br>440 N. Wells St., Suite 410<br>Chicago, IL 60654 | Little Gem Life Science Partners<br>Jeffrey Benison<br>57 Flower Road<br>Valley Stream, NY 11581 | Mark Selawski<br>25521 Creek Dr<br>Laguna Hills, CA 92653 |
| Mark Wedel<br>24510 Fuerte Road<br>Temecula, CA 92590 | McDermott Will & Emery LLP<br>James Hill<br>PO Box 6043<br>Chicago, IL 60680-6043 | Michael Jakobsen<br>2800 Terry Road<br>Laguna Beach, CA 92651 |
| MPI Research, Inc.<br>Bill Jefferson<br>1521 Paysphere Circle<br>Chicago, IL 60674 | MyLi Burger Holdings, LLC<br>Attn: Greg Akselrud<br>15260 Ventura Blvd., 20th Floor<br>Sherman Oaks, CA 91403 | OTC Markets Group, Inc.<br>PO Box 29959<br>New York, NY 10087-9959 |
| Pacific Biomarkers<br>Jennifer Harjehausen<br>645 Elliot Avenue Suite 300<br>Seattle, WA 98119 | Pacific Biomarkers<br>645 Elliot Avenue<br>Suite 300<br>Seattle, WA 98118 | Paracelsus, Inc.<br>Grace Furman<br>128 Daphne Street<br>Leucadia, CA 92024 |
| Patrick and Allison K. Doyle Trust<br>Attn: Patrick Doyle<br>21 Merrill Circle South<br>Moraga, CA 94556 | PK/PD Associates<br>Nathan Teuscher<br>5 Hale Ct.<br>Trophy Club, TX 76262 | PR Newswire<br>G.P.O Box 5897<br>New York, NY 10087 |
| Pro Active Capital Resources Group, LLC<br>Jeff Ramson<br>535 Fifth Avenue 24th Floor<br>New York, NY 10017 | Randy Johnson<br>Randolph Johnson<br>423 Wave Avenue<br>Half Moon Bay, CA 94019 | Ratiner Family 2005<br>Revocable Living Trust<br>18375 Ventura Blvd #522<br>Tarzana, CA 91356 |

RDG Filings
PO Box 883213
San Francisco, CA 94188-3213

Regents University of Southern Californi
Kathy Wrobel
405 Hilgard Avenue, 1125 Murphy Hall
Los Angeles, CA 90095

Richard A. Jacoby
2490 White Horse Road
Berwyn, PA 19312

Richland Fund
Attn: Justin Yorke
4 Richland Place
Pasadena, CA 91103

Robert A. Ayerle
725 Skippack Pike, Suite 340
Blue Bell, PA 19422

Robert Wayne Spears Living Trust
dtd 7-2, Attn: Ken Ruggles
15853 Oldent St.
Sylmar, CA 91342

Ruth Peck Family Trust
Attn: Ruth Peck
1405 Afton St.
Pasadena, CA 91103

SAHMRI
PO Box 11060
North Terrace Adelaide
South Australia 5001,

San Gabriel Fund
Attn: Justin Yorke
4 Richland Place
Pasadena, CA 91103

Securities Transfer Corp
Jason Freeman
2591 Dallas Parkway Suite 102
Frisco, TX 75034

Sharp Clinical Services, Inc.
Whitney Beatty
Lockbox #3797 PO Box 8500-3797
Philadelphia, PA 19178-3797

Staples Contracts and Commercial
PO Box 414524
Boston, MA 02241-4524

Stradling Yocca Carlson & Rauth
Michael Lawhead
660 Newport Center Drive Suite 1600
Newport Beach, CA 92661-6441

Stubbs Alderton & Markiles, LLP
Greg Akselrud
15260 Ventura Boulevard 20th Floor
Sherman Oaks, CA 91403

SunTrust Delaware Trust Company Trustee
of Murray Markiles Roth IRA Trust
1011 Centre Road, Suite 108
Wilmington, DE 19805

Thomas W. Gardner
14 Chantonnay
Laguna Niguel, CA 92677

TR Dupont Centre LLC
Leslie Tague
PO Box 842470
Dallas, TX 75284-2470

W-Net Fund I, LP
Attn: David Weiner
12400 Ventura Blvd. #327
Studio City, CA 91604

Weinberg & Company, P.A.
Corey Fischer
1925 Century Park East Suite 1120
Los Angeles, CA 90067

Windstream
PAETEC P.O. Box 9001013
Louisville, KY 40290-1013

Zephyr Networks
Marc Winger
22921 Triton Way Suite 224
Laguna Hills, CA 92653-1236

Ron Bender
Levene, Neale, Bender, Yoo & Brill LLP
10250 Constellation Blvd.
Suite 1700
Los Angeles, CA 90067